UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN EDWARD ROBINSON, ET AL.**, Plaintiffs, v. **WELLS FARGO HOME MORTGAGE, ET AL.**, Defendants. | Case No. 16-cv-01619-YGR **ORDER GRANTING WELLS FARGO'S MOTION TO DISMISS** Re: Dkt. No. 10 |

Plaintiffs John Edward Robinson and Janice Walsh bring this action against defendant Wells Fargo Bank, N.A. (erroneously sued separately as "Wells Fargo Home Mortgage" and "Americas' Servicing Company") in relation to allegedly wrongful foreclosure actions on plaintiffs' home located at 2106 Bridgeport Loop, Discovery Bay, County of Contra Costa, Parcel # 011-410-027-4 (the "Subject Property"). (Dkt. No. 1-1.) Specifically, plaintiffs bring the following causes of action against Wells Fargo: (i) breach of covenant of good faith and fair dealing; (ii) equitable estoppel; (iii) inducing breach of contract; (iv) unjust enrichment; (v) violations of California Unfair Competition Law, Cal. Bus. & Prof Code §§ 17200 *et seq.* ("UCL"); (vi) mortgage fraud; (vii) quiet title; and (viii) unconscionability of contracts pursuant to California Civil Code § 1670.5.

Now before the Court is Wells Fargo's motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 10.)[1] Wells Fargo argues first that all of

---

[1] In connection with its motion to dismiss, Wells Fargo also filed a Request for Judicial Notice (Dkt. No. 11, "RJN") and a Supplemental Request for Judicial Notice (Dkt. No. 34, "SJRN"). Specifically, Wells Fargo seeks judicial notice of the following documents: (1) Exhibit A, November 2, 2004 Grant Deed; (2) Exhibit B, October 20, 2004 Deed of Trust; (3) Exhibit C, October 20, 2004 Adjustable Rate Mortgage Note; (4) Exhibit D, January 6, 2006 Open End Deed of Trust; (5) Exhibit E, January 6, 2006 Equity Line Credit Agreement; (6) Exhibit F, April 21, 2006 Certificate of Corporate Existence; (7) Exhibit G, November 19, 2007, Letter from Department of Treasury; (8) Exhibit H, Charter of Wachovia Mortgage; (9) Exhibit I, November

plaintiffs' claims are time-barred and second that plaintiffs failed to allege facts sufficient to state a claim as to each of plaintiffs' causes of action.

Having carefully reviewed the pleadings and the papers submitted on this motion, and for the reasons set forth more fully below, the Court **GRANTS** Wells Fargo's motion to dismiss as to all claims as follows:  The Court **DISMISSES WITHOUT PREJUDICE** Counts One, Three, Four, Five, and Six.  The Court **DISMISSES WITH PREJUDICE** Counts Two, Seven, and Eight.

**I.      FACTUAL ALLEGATIONS AND SUMMARY OF JUDICIALLY NOTICEABLE FACTS**

This action concerns a loan for $448,000 executed in October 2004, between plaintiff and Wells Fargo's predecessor, World Savings Bank.  (RJN Exs. B & C.)  Such loan was issued to secure a Deed of Trust on the Subject Property, which was recorded on November 9, 2004.  (RJN Ex. A.)  Additionally, in January 2006, plaintiffs obtained a $33,600 equity line of credit from

---

1, 2009 Certification of Wachovia Conversion to Wells Fargo Bank, N.A; (10) Exhibit J, March 12, 2012 Federal Deposit Insurance Corporation ("FDIC") Profile and History of World Savings Bank; (11) Exhibit K, December 29, 2015, Notice of Default; and (12) SRJN Exhibit A, November 12, 2015 Substitution of Trustee.

Wells Fargo argues that the Court should take judicial notice of Exhibits A–B, D, K, and SRJN Exhibit A as copies of official public records.  *See* Fed. R. Evid. 201(b); *see also Castillo-Villagra v. INS*, 972 F.2d 1017, 1026 (9th Cir. 1992) (holding that notice may be taken of facts "not subject to reasonable dispute," either because they are "generally known within the territorial jurisdiction" or are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *Gamboa v. Trustee Corps & Central Mortg. Loan Servicing Co.*, No. 09-CV-0007-SC, 2009 WL 656285, at *2–3 (N.D. Cal. Mar. 12, 2009) (finding that documents part of the public record are judicially noticeable).  With respect to Exhibits C and E, Wells Fargo argues that such documents are judicially noticeable as documents upon which the complaint necessarily relies.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (holding that a court may consider evidence at a motion to dismiss if "(1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").  And finally, with respect to Exhibits F through J, Wells Fargo argues that the court should take judicial notice of such documents as reflecting official acts of the executive branch of the United States or information obtained from governmental websites.  *See Paralyzed Veterans of Am. v. McPherson*, No. 06-CV-4670-SBA, 2008 WL 4183981, at *5–6 (N.D. Cal. Sept. 8, 2008) (taking judicial notice of material from governmental websites); *Hite v. Wachovia Mortg.*, No. 09-CV-2884-GEB, 2010 U.S. Dist. LEXIS 57732, at *6–7 (E.D. Cal. June 10, 2010) (taking notice of the same documents in Wells Fargo's RJN Exhibits F–I).

Plaintiffs opposed, arguing that while the Court may take notice of the documents, the Court should not take notice of the factual matters stated therein.  Plaintiffs do not otherwise appear to challenge the noticeability of the documents attached to Wells Fargo's RJN and SJRN.  Accordingly, the Court **GRANTS** Wells Fargo's request for judicial notice of RJN Exhibits A through K and SRJN Exhibit A.  However, the Court does not judicially notice any disputed facts contained within such documents.  *See Lee v. Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

2

1    World Savings Bank. (RJN Exs. D & E.) Plaintiffs defaulted on the 2004 loan, and Wells Fargo
2    recorded a Notice of Default on December 30, 2015, informing plaintiffs that as of December 29,
3    2015, a sum of $67,730.73 was overdue. (RJN Ex. K.)
4    　　　　The following allegations relate to plaintiffs' claims that certain aspects of the loan and
5    Wells Fargo's recording of a Notice of Default were improper:
6    　　　　Plaintiffs allege that Wells Fargo and its predecessors never intended to allow plaintiffs to
7    pay their loan. (Compl. ¶ 71.)[2] Rather, plaintiffs vaguely allege that Wells Fargo and its
8    predecessors structured the loan such that the balance would continue to increase by imposing
9    penalties and withholding payments beyond the payment due date among other allegedly unlawful
10   activities. (*Id.* at ¶¶ 61–73.) For instance, plaintiffs allege that between 2005 and 2010, plaintiffs
11   paid in excess of $4,816.38 in late fees and were charged $6,169.91 in "service fees," all of which,
12   plaintiffs claim were assessed in error or, at worst, fraudulently. (*Id.* at ¶¶ 64, 68.) Plaintiffs also
13   vaguely allege that Wells Fargo's actions "constitute acts of fraud, by a series of acts of deception,
14   omissions and used its superior knowledge to cause [plaintiffs] to enter into an agreement that
15   would eventually force [plaintiffs] into a [f]oreclosure." (*Id.* at ¶ 82.)
16   　　　　In 2011, plaintiffs allege that they sought an initial loan modification. (*Id.* at ¶ 5.) At the
17   time of such request, plaintiffs claim that they were current on their mortgage payments. (*Id.*)
18   Plaintiffs further allege that they were informed, incorrectly, that to become eligible for a loan
19   modification, plaintiffs must be "substantially late or in default on their mortgage payments." (*Id.*
20   ¶ 5–6.) Plaintiffs complied with such requirement, and, in doing so, breached their mortgage
21   agreement, incurring "substantial fees, interest, penalties, derogatory credit notations on credit

---

[2] In their opposition, plaintiffs appear to challenge Wells Fargo's standing to enforce the note and deed of trust at issue and initiate foreclosure proceedings. Plaintiffs argue that they have alleged that the securitization and foreclosure process here was mishandled, and therefore, defendants are precluded from enforcing the deed of trust and initiating foreclosure proceedings. However, courts in this district have consistently concluded that "debtors may not pursue judicial challenges to the authority of a foreclosing beneficiary based on an improper securitization theory." *See Hammons v. Wells Fargo Bank, N.A.*, No. 15-CV-4897-RS, 2015 U.S. Dist. LEXIS 169616, at *14 (N.D. Cal. Dec. 18, 2015) (citing cases). Additionally, plaintiffs' complaint fails to explain adequately why any issues with the securitization would strip Wells Fargo of its interest in the note and deed of trust. To the contrary, judicially noticeable documents suggest that Wells Fargo is the proper successor in interest of World Savings Bank. (RJN Exs. B, C, F–J.)

reports, lower credit scores, and fewer options with respect to refinancing." (*Id.* at ¶ 7.) Plaintiffs allege that throughout the loan modification process, Wells Fargo engaged in practices intended to discourage plaintiffs and delay the application process. (*Id.* at ¶ 8.)

On these bases, plaintiffs claim that the Notice of Default recorded in December 2015 was improper. To date, foreclosure on the Subject Property has not yet occurred.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for

4

relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

### III. DISCUSSION

#### A. Statutes of Limitation as to All Causes of Action

Wells Fargo first argues that all causes of action in plaintiffs' complaint are barred by the relevant statutes of limitation. Wells Fargo argues that there are two relevant time periods in which plaintiffs' claims arose: (i) plaintiffs' claims related to Wells Fargo's alleged deceptive inducement of plaintiffs' default, which occurred in 2011; and (ii) plaintiffs' claims which relate to the origination of the loan, which occurred in 2004. According to Wells Fargo, all such claims are time-barred under the various applicable statutes of limitations, the longest of which is four years.

Plaintiffs do not address these arguments at all in their opposition to Wells Fargo's motion to dismiss, and it appears from the face of the complaint, that plaintiffs' claims would be time-barred by the applicable statutes of limitation. When a complaint is otherwise time-barred on its face, the plaintiff must allege specific facts explaining the failure to learn of the basis for the claim within the statutory period rather than relying on generalities. *See, e.g.*, *Snapp & Assoc. Ins. Svcs. Inc. v. Malcolm Bruce Burlingame Robertson*, 96 Cal. App. 4th 884, 890 (2002); *Casualty Ins. Co. v. Rees Inv. Co.*, 14 Cal. App. 3d 716, 719–20 (1971). Plaintiffs have not done so here.

Accordingly, the motion to dismiss as to all counts is **GRANTED** on statute of limitations grounds. Plaintiffs are given leave to amend to allege facts, which, if proven, would establish that Wells Fargo should be equitably estopped from raising the statute of limitations as a bar to plaintiffs' claims. The Court proceeds with an analysis of each of plaintiffs' counts below to provide plaintiffs with further guidance as to what must be plead to sustain their claims and which claims are dismissed with prejudice without leave to amend.

#### B. Failure to Plead Sufficient Facts to State a Claim

##### 1. Count One: Breach of Covenant of Good Faith and Fair Dealing

Under California law, a plaintiff must allege the following to make out a claim for breach of the covenant of good faith and fair dealing: "(1) the plaintiff and the defendant entered into a

1  contract; (2) the plaintiff did all or substantively all of the things that the contract required him to
2  do or that he was excused from having to do so; (3) all conditions required for the defendant's
3  performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive
4  the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff." *Merced Irr.*
5  *Dist. v. Mariposa*, 941 F. Supp. 2d 1237, 1280 (E.D. Cal. 2013) (citing J. Council of Cal. Civ. Jury
6  Instructions § 325).

7  Plaintiffs allege that Wells Fargo breached such covenant when it instructed plaintiffs that
8  plaintiffs must be in default on their loans before they could pursue a loan modification with Wells
9  Fargo. (Compl. ¶ 33.) Wells Fargo argues that, even if this were true, such allegations are
10 insufficient to state a claim. According to Wells Fargo, the Deed of Trust contains an explicit
11 provision requiring plaintiffs to make timely payments (RJN Ex. B), and plaintiffs alone decided
12 not to continue making such payments. Wells Fargo cites *Fevinger v. Bank of Am., N.A.*, No. 13-
13 CV-4839-PSG, 2014 WL 3866077 (N.D. Cal. Aug. 4, 2014) in support of its position. There, the
14 court rejected "the argument that a lender's inducement of a homeowner to stop making payments
15 on a home mortgage loan through the promise of forestalling future foreclosure proceedings
16 provides an adequate basis to sustain a breach of the implied covenant claim." *Id.* at *5. The
17 court explained that the "choice to pay or not to pay remained with" the plaintiff, and because the
18 plaintiff did not "satisfy her obligations under the contract by at least paying all sums due under
19 the mortgage agreement," plaintiff failed to do "all or substantially all of the things that the
20 contract required." *Id.*; *see also Ren v. Wells Fargo Bank, N.A.*, No. 12-CV-0272-SC, 2013 WL
21 2468368, at *3 (N.D. Cal. June 7, 2013) (same and granting leave to amend if plaintiff could plead
22 facts indicating that defendant "actively hindered her payment under the loan agreements");
23 *Franczak v. Suntrust Mortg., Inc.*, No. 12-CV-1453, 2013 WL 843912, at *3 (N.D. Cal. Mar. 6,
24 2013) (same).

25 Similarly here, plaintiffs claim that Wells Fargo breached the covenant of good faith and
26 fair dealing when it induced plaintiffs to "breach the mortgage agreement by defaulting on the
27 monthly mortgage payments." (Compl. ¶ 33.) Plaintiffs do not address these arguments in any
28

6

1  way.[3]  Accordingly, the Court **GRANTS** Wells Fargo's motion to dismiss Count One without
2  prejudice and with leave to amend.

### 2. Count Two: Equitable Estoppel

Plaintiffs bring a claim for "equitable estoppel," alleging that defendants should be "equitably estopped from retaining any amount collected from plaintiffs resulting from the false misleading information given to plaintiffs," namely that plaintiffs had to be in default on their loans to obtain a loan modification. (Compl. ¶¶ 38–39.)  Wells Fargo contends that in California, a "stand-alone cause of action for equitable estoppel will not lie as a matter of law." *Behnke v. State Farm General Ins. Co.*, 196 Cal. App. 4th 1443, 1463 (2011).  The doctrine of equitable estoppel acts defensively only, and "operates to prevent one [party] from taking an unfair advantage of another." *Peskin v. Phinney*, 182 Cal. App. 2d 632, 636 (1960).  The Court agrees, and plaintiffs offer no authority to the contrary.  Accordingly, the Court **GRANTS** Wells Fargo's motion to dismiss Count Two with prejudice.

### 3. Count Three: Inducing Breach of Contract

Plaintiffs' third cause of action alleges that Wells Fargo induced plaintiffs to default on their payments by "willfully misrepresenting that defaulting on the loan was a prerequisite for requesting a loan modification." (Compl. ¶¶ 41–48.)  Under California law, a claim for inducing breach of contract requires that: (i) defendant had knowledge of the existence of the contract; (ii) defendant intended to induce a breach thereof; (iii) that the contract was in fact breached resulting in injury to plaintiff; and (iv) the breach and the resulting injury was proximately caused by defendant's unjustified or wrongful conduct. *See Freed v. Manchester Serv., Inc.*, 165 Cal. App. 2d 186, 189 (1958).

Wells Fargo argues that plaintiffs' cause of action for inducing breach of contract sounds in fraud, and therefore, must comply with the pleading standard under Federal Rule of Civil

---

[3] Rather than address Wells Fargo's contention that plaintiffs failed to state a claim, plaintiffs only argue—but do not so allege in the complaint—that Wells Fargo did not appoint Clear Recon Corp ("CRC") as the trustee.  However, as judicially noticeable documents demonstrate, such substitution appears to have occurred.  (SRJN Ex. A (showing substitution of trustee from Golden West Savings Association to CRC).)

1  Procedure 9(b). As such, Wells Fargo argues that plaintiffs must plead with particularity the
2  following to sustain a claim for fraudulent inducement to breach a contract: (i) misrepresentation;
3  (ii) knowledge of falsity; (iii) intent to defraud; (iv) justifiable reliance; and (v) resulting damages.
4  Fed. R. Civ. P. 9(b); *see also Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d
5  1086, 1093–94 (C.D. Cal. 1999); *cf. Doyle v. Illinois*, No. 08-CV-971-LJO, 2008 WL 4964774, at
6  *3 (E.D. Cal. Nov. 18, 2008) (finding that Rule 9(b) pleading standards applied to a breach of
7  contract claim that sounded in fraud).[4]

8  The Court finds that plaintiffs' claim in Count Three does sound in fraud, and therefore
9  must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). (*See, e.g.*,
10  Compl. ¶ 44 (alleging that Wells Fargo acted "for its own fraudulent and deceptive financial
11  interest"); *id.* at 45 (alleging that Wells Fargo "intentionally induced [plaintiffs] to default on their
12  payments through this practice and policy of willfully misrepresenting that defaulting on the loan
13  was a prerequisite for requesting a loan modification"). Plaintiffs have not done so here.
14  Plaintiffs have not adequately pled the "who, what, when, where, and how of the misconduct
15  charged" as is required for plaintiffs alleging fraud or mistake. *Ebeid ex rel. United States v.*
16  *Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).

17  Accordingly, the Court **GRANTS** Wells Fargo's motion to dismiss Count Three without
18  prejudice and with leave to amend.

### 4. Count Four: Unjust Enrichment

20  Plaintiffs' fourth cause of action is for unjust enrichment. Specifically, plaintiffs claim that
21  as a result of Wells Fargo's inducement of breach of contract, Wells Fargo has been "unjustly
22  enriched at the expense of plaintiffs, resulting in increased fees, interest[,] and penalties," which
23  Wells Fargo has "unlawfully collected and retained." (Compl. ¶¶ 50–52.)

24  Wells Fargo presents two arguments in support of its motion to dismiss Count Four: First,

---

[4] Plaintiffs again do not address Wells Fargo's arguments, and claim only with respect to this count that CRC did not have the authority to foreclose on the property because Wells Fargo did not properly appoint it as the trustee. As discussed above, judicially noticeable documents demonstrate that such substitution appears to have occurred.

1   Wells Fargo argues that most California courts agree that there is no independent cause of action
2   in California for "unjust enrichment." *See Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911
3   (2008); *Smith v. Aurora Loan Servs.*, No. 10-CV-0198-DAD, 2010 WL 3504899, at *5 (E.D. Cal.
4   Sept. 7, 2010) (citing cases finding that "unjust enrichment" does not "describe a theory of
5   recovery, but an effect: the result of a failure to make restitution under circumstances where it is
6   equitable to do so"). Second, Wells Fargo argues that even under the cases that have found
7   "unjust enrichment" to be an independent cause of action, plaintiffs' allegations fail to state a
8   claim because plaintiffs received the benefit of the bargain when they obtained the 2004 loan
9   proceeds from Wells Fargo's predecessor. *See Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583,
10  1589 (2008) (stating that the elements of an "unjust enrichment claim are the receipt of a benefit
11  and the unjust retention of the benefit at the expense of another" and that there is "no equitable
12  reason for invoking restitution when the plaintiff gets the exchange which he expected" (internal
13  citations and quotations omitted)). Plaintiffs do not address Wells Fargo's arguments with respect
14  to this count in their opposition.

15  This Court has previously held that under certain circumstances a claim for unjust
16  enrichment may exist under California law. *See, e.g.*, *Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840,
17  852 (N.D. Cal. 2012); *see also Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir.
18  2015) (stating that courts may construct "unjust enrichment" claims as a quasi-contract claim
19  seeking restitution). Nevertheless, the Court finds that the allegations in the complaint are
20  insufficient to support plaintiffs' claim. Plaintiffs have failed to allege sufficiently any
21  wrongdoing on the part of Wells Fargo with respect to the origination and servicing of the loan
22  such that Wells Fargo's retention of any fees related to plaintiffs' default would be considered
23  unjust. The Court, therefore, **GRANTS** Wells Fargo's motion to dismiss Count Four without
24  prejudice and with leave to amend.

### 5. Count Five: Violation of the UCL

26  Plaintiffs also bring claims under the UCL, which prohibits "any unlawful, unfair, or

1    fraudulent business act or practice. " Cal. Bus. & Prof. Code § 17200.[5] A plaintiff may allege an
2    unlawful, an unfair, or a fraudulent act to establish liability under the UCL. *See Cel-Tech Comm.,*
3    *Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). To state a claim under the
4    unlawful prong of the UCL, plaintiff may allege the commission of any act "forbidden by law, be
5    it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v.*
6    *Sup. Ct.*, 27 Cal. App. 4th 832, 838–39 (1994). With respect to the unfair prong, an act or practice
7    is unfair if the practice "offends an established public policy or when the practice is immoral,
8    unethical, oppressive, unscrupulous or substantially injurious to consumers." *Lueras v. BAC*
9    *Home Loans Servicing, L.P.*, 221 Cal. App. 4th 49, 81 (2013). With respect to the fraudulent
10   prong, the UCL requires "only a showing that members of the public are likely to be deceived" by
11   the allegedly fraudulent practice. *Id.* Additionally, to sustain a claim under the fraudulent prong
12   of the UCL, plaintiffs must plead "with particularity the circumstances constituting fraud or
13   mistake." Fed. R. Civ. P. 9(b); *see also Hutson v. Am. Home Mortg. Servicing, Inc.*, No. 09-CV-
14   1951-PJH, 2009 WL 3353312, at *16 (N.D. Cal. Oct. 16, 2009).

15   With regards to the unlawful prong of the UCL, plaintiffs fail to allege any acts "forbidden
16   by law," which form the basis of its UCL claim. *See Saunders*, 27 Cal. App. 4th 832, 838–94.
17   With regards to the unfair prong, plaintiffs allege that its claims for breach of the covenant of good
18   faith and fear dealings and for unjust enrichment form the basis of their UCL unfair prong claim.
19   However, as discussed above, plaintiffs failed to plead facts sufficient to sustain such claims.
20   Finally, with regards to plaintiffs' claim for fraud under the UCL, as discussed above with respect
21   to Count Three and below with respect to Count Six, plaintiffs have failed to plead fraud with
22   particularity.

23   Accordingly, the Court finds that plaintiffs have failed to plead a cause of action under any
24   of the prongs of the UCL. The Court therefore **GRANTS** Wells Fargo's motion to dismiss Count
25   Five without prejudice and with leave to amend.

---

[5] In their opposition as to the UCL claims, plaintiffs inexplicably argue that they asserted a cause of action under the California Consumer Legal Remedies Act, California Code of Civil Procedure §§ 1750, *et seq.* However, no such cause of action is reflected in their complaint.

**6.   Count Six:  Mortgage Fraud**

In their sixth cause of action, plaintiffs bring a claim for mortgage fraud alleging that Wells Fargo structured the loan "in such a way that after paying on the mortgage for thirty years [plaintiffs] would still owe close to the original amount of the loan or more."  (Compl. ¶ 60.)  As discussed above, the elements for a fraud claim in California are as follows:  (i) misrepresentation; (ii) knowledge of falsity; (iii) intent to defraud; (iv) justifiable reliance; and (v) resulting damages.  *See Glen Holly*, 100 F. Supp. 2d at 1093–94; *see also Rodela v. Guild Mortg. Co.*, No. 11-CV-2126-LJO, 2012 WL 169772, at *13 (E.D. Cal. Jan. 19, 2012).  Because this count alleges fraud, such claims must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b).  *Rodela*, 2012 WL 169772, at *13.

Wells Fargo raises the following arguments in support of its motion to dismiss the mortgage fraud claims:  First, Wells Fargo argues that there is no actionable misrepresentation, or omission, because the actual terms of the loan of which plaintiffs complain were disclosed in the written documents and agreements between the parties.  (RJN Exs. B & C.)  Second, Wells Fargo contends that plaintiffs failed to allege with particularity what misrepresentations were made, who made them, when and where they were made, and how they were misleading.  Finally, Wells Fargo argues that plaintiffs failed to allege injury, causation, or reliance.

Plaintiffs' attempt to respond is unpersuasive.  First, plaintiffs argue that certain late fees and service fees were unlawfully added to the balance of their loan, but fail to explain why such fees were unlawful or, more pertinently, why such fees were fraudulent.  Second, plaintiffs contend that their hiring of an attorney to file this lawsuit constitutes the requisite "detrimental reliance" for a claim of fraud.  Such argument does not persuade.  Plaintiffs must demonstrate that they were injured as a result of an action they took in reliance on Wells Fargo's alleged misrepresentations.  If the hiring of an attorney and the filing of a lawsuit were sufficient to demonstrate reliance in an action for fraud, then any plaintiff could readily meet such requirement simply by initiating litigation.  The law does not countenance such a result.[6]

---

[6] Plaintiffs also raise the argument that defendants failed to meet its requirements under California Civil Code section 2923.55, which would render the Notice of Default and subsequent

11

Accordingly, the Court finds that plaintiffs have failed to plead fraud with particularity, and **GRANTS** Wells Fargo's motion to dismiss Count Six without prejudice and with leave to amend.[7]

### 7. Count Seven: Quiet Title

Plaintiffs seeks to quiet title on the Subject Property against all claims by Wells Fargo, alleging that Wells Fargo has no "right, title, estate, lien or interest in the [S]ubject [P]roperty." (Compl. ¶ 92.)

Under California law, an "action may be brought . . . to establish title against adverse claims to real or personal property or any interest therein." Cal. Code Civ. P. § 760.020. It is well-settled that a "basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust.'" *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (finding it dispositive that plaintiff did not pay outstanding debt on the property and dismissing without leave to amend) (quoting *Kelley v. Mortg. Elec. Registration Sys.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009); *see also Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."); *see also Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee.").

Plaintiffs do not allege, nor can they given the allegations in the complaint, that they have tendered the debt owed under the deed of trust to the Subject Property. Rather, plaintiffs allege that Wells Fargo cannot prove that it is the beneficiary of the 2004 loan. (Compl. ¶¶ 92–94.) Additionally, plaintiffs argue, but do not allege, that CRC had no right to foreclose because Wells Fargo did not properly substitute them in as the proper trustee. However, as discussed above,

---

proceedings invalid and void. However, plaintiffs pled no causes of action under such section.

[7] Plaintiffs again repeat their argument that Wells Fargo lacked a "relationship or legal connection to the Deed of Trust." However, as discussed above, plaintiffs do not demonstrate why the judicially noticeable documents fail to show that Wells Fargo is the rightful beneficiary of World Savings Bank and Wachovia, the previous holders of the note and deed of trust at issue here.

plaintiffs fail to allege sufficiently why the judicially noticeable documents fail to establish Wells Fargo's status as the beneficiary of the deed of trust and that Wells Fargo appointed CRC as the trustee. (*See* RJN Exs. F–J; SRJN Ex. A.)

Accordingly, because plaintiffs cannot cure such deficiencies in their complaint with respect to this cause of action, the Court **GRANTS** Wells Fargo's motion to dismiss Count Seven with prejudice.

### 8. Count Eight: Unconscionability of Contract

Plaintiffs claim that Wells Fargo "knowingly created and drafted loan documents that were unconscionable under California Civil Code § 1670.5." (Compl. ¶ 96.) Section 1670.5 provides: "If a court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made, the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." Cal. Civ. Code § 1670.5.

The statute, however, does not provide an "affirmative cause of action but merely codifies the defense of unconscionability." *Cal. Grocers Ass'n v. Bank of America*, 22 Cal. App. 4th 205, 217 (1994) (citing *Dean Witter Reynolds, Inc. v. Sup. Ct.*, 211 Cal. App. 3d 758, 766 (1989)). Rather, an "affirmative cause of action for unconscionability may be provided by [a] statute," such as the Consumer Legal Remedies Act which "expressly permits a consumer to bring an action for damages and injunctive relief based on insertion of an unconscionable provision in a contract." *Id.* Plaintiffs have provided no such bases here to support an affirmative cause of action for unconscionability.

Accordingly, as alleged, plaintiffs cannot state a claim. The Court **GRANTS** Wells Fargo's motion to dismiss Count Eight with prejudice.

### IV.     CONCLUSION

The Court **GRANTS** Wells Fargo's motion to dismiss as to all claims as follows:  The Court **DISMISSES WITHOUT PREJUDICE** Counts One, Three, Four, Five, and Six.  The Court **DISMISSES WITH PREJUDICE** Counts Two, Seven, and Eight.

1   Plaintiffs must file an amended complaint within twenty-one (21) days of this Order.
2   Plaintiffs must also file a redlined version of the amended complaint. Wells Fargo must file
3   responsive pleadings twenty-one (21) days thereafter.
4   The Court **CONTINUES** the case management conference currently set for November 7,
5   2016 to **Monday, January 23, 2017**. By **January 16, 2017**, the parties must file an updated case
6   management statement, consistent with the Local Rules and this Court's Standing Order in Civil
7   Cases.
8   This Order terminates Docket Number 10.
9   **IT IS SO ORDERED.**
10  Dated: November 3, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

14