**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| **JOHN EDWARD ROBINSON, ET AL.,** | CASE NO. 16-cv-01619-YGR |
| Plaintiffs**,** | |
| vs. | **ORDER GRANTING MOTION TO DISMISS** |
| **WELLS FARGO HOME MORTGAGE, ET AL.,** | Re: Dkt. No. 58 |
| Defendants**.** | |

Plaintiffs John Edward Robinson and Janice Walsh bring this action *pro se*[1] against defendant Wells Fargo Bank, N.A. (erroneously sued separately as "Wells Fargo Home Mortgage" and "Americas' Servicing Company") in relation to allegedly wrongful foreclosure actions on plaintiffs' home located at 2106 Bridgeport Loop, Discovery Bay, County of Contra Costa (the "Subject Property"). (Dkt. No. 54, "FAC.") The Court previously dismissed plaintiffs' claims both on statute of limitations grounds and because plaintiffs failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Plaintiffs filed an amended complaint on January 4, 2017, raising the following causes of action: (i) Count One, breach of the implied duty of good

---

[1] Plaintiffs were previously represented in this matter by attorney Megan Ann Daily. Prior to plaintiffs' filing of their first amended complaint, the Court granted Ms. Daily's motion to withdraw as counsel of record for plaintiffs in this action. (Dkt. Nos. 52, 53.)

[2] Previously, plaintiffs brought the following claims: (i) breach of covenant of good faith and fair dealing; (ii) equitable estoppel; (iii) inducing breach of contract; (iv) unjust enrichment; (v) violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (vi) mortgage fraud; and (vii) unconscionability of contracts. The Court previously dismissed all causes of action on statute of limitations grounds because plaintiffs' claims appeared to arise, at the latest, in 2011, and plaintiffs did not otherwise provide grounds upon which the statute of limitations should be tolled. Additionally, the Court dismissed the following causes of action with prejudice: equitable estoppel; quiet title; and unconscionability of contracts.

faith and fair dealing; (ii) Count Two, breach of written contract; (iii) Count Three, fraudulent concealment; (iv) Count Four, fraud and negligent misrepresentation; and (v) Count Five, fraud by concealment.

Now before the Court is Wells Fargo's motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 58.)[3] Having carefully reviewed the pleadings and the papers submitted on this motion,[4] the Court **GRANTS** Wells Fargo's motion as follows: The Court **DISMISSES WITH PREJUDICE** Counts One, Two, and Five, and Count Three to the extent that it relies on allegations relating to the origination of the loan agreement and the

---

[3] In connection with its motion to dismiss, Wells Fargo filed a request for judicial notice of the following: (i) Exhibit A, October 20, 2004 Adjustable Rate Mortgage Note; (ii) Exhibit B, October 20, 2004 Deed of Trust; (iii) Exhibit C, January 6, 2006 Equity Line Credit Agreement; (iv) Exhibit D, January 6, 2006 Open End Deed of Trust; (v) Exhibit E, April 21, 2006 Certificate of Corporate Existence; (vi) Exhibit F, November 19, 2007 Office of Thrift Supervision Letter; (vii) Exhibit G, December 31, 2007 Charter of Wachovia Mortgage, FSB; (viii) Exhibit H, November 1, 2009 Official Certification of the Comptroller of the Currency; (ix) Exhibit I, March 14, 2012 Federal Deposit Insurance Corporation profile and history of World Savings Bank, FSB; (x) Exhibit J, June 2011 Home Affordable Modification Agreement; (xi) Exhibit K, December 29, 2015 Notice of Default; (xii) Exhibit L, November 18, 2015 Substitution of Trustee; (xiii) Exhibit M, April 25, 2016 Notice of Trustee's Sale; (xiv) Exhibit N, Docket, *Robinson v. Wells Fargo*, No. MSC16-00162 (Cal. Sup. Ct. Apr. 11, 2016); (xv) Exhibit O, Notice to State Court of Removal, *Robinson v. Wells Fargo*, No. MSC16-00162 (Cal. Sup. Ct. Apr. 1, 2016); (xvi) Exhibit P, September 9, 2013 Letter from Wells Fargo to Walsh; (xvii) Exhibit Q, September 9, 2013 Letter from Wells Fargo to Walsh; (xviii) Exhibit R, List of Opt-Out-Plaintiffs, *In re Wachovia Corporation "Pick-A-Payment" Mortgage Marketing and Sales Practices Litigation*, No. 09-md-02015-JF (N.D. Cal.); (xix) Exhibit S, Judgment, *In re Wachovia Corporation "Pick-A-Payment" Mortgage Marketing and Sales Practices Litigation*, No. 09-md-02015-JF (N.D. Cal. May 17, 2011); (xx) Exhibit T, August 13, 1985 Federal Home Loan Bank Board Opinion Letter; (xxi) Exhibit U, July 22, 2003 Office of Thrift Supervision Opinion Letter; (xxii) Exhibit V, December 8, 2011 Office of the Comptroller of the Currency Bulletin; (xxiii) Exhibit W, Final Approval Order, *In re Wachovia Corporation "Pick-A-Payment" Mortgage Marketing and Sales Practices Litigation*, No. 09-md-02015-JF (N.D. Cal.). Except for Exhibits P and Q, all other documents are proper subjects for judicial notice. *See Lee v. Los Angeles*, 250 F.3d 68, 690 (9th Cir. 2001). Accordingly, the RJN is **GRANTED** as to all exhibits except for Exhibits P and Q.

[4] Wells Fargo filed its motion to dismiss on January 19, 2017. (Dkt. No. 58.) On February 13, 2017, the Court ordered plaintiffs to show cause why their case should not be dismissed for failure to file an opposition to Wells Fargo's motion. (Dkt. No. 64.) On February 24, 2017, plaintiffs filed a response to the order to show cause. (Dkt. No. 66.) Wells Fargo did not file any replies to such response. On March 9, 2017, the Court informed that parties that it was construing plaintiffs' filing at Docket Number 66 as their opposition to the motion to dismiss, and that it would deem Wells Fargo's motion as submitted. (Dkt. No. 67.)

United States District Court
Northern District of California

terms therein. The Court **DISMISSES WITHOUT PREJUDICE** Count Three to the extent it relates to plaintiffs' loan modification attempts and Count Four.[5]

**I.   FACTUAL ALLEGATIONS AND SUMMARY OF JUDICIALLY NOTICEABLE FACTS**

This action concerns a loan for $448,000 executed in October 2004 between plaintiff and Wells Fargo's predecessor, World Savings Bank. (RJN Exs. A.) Such loan was issued to secure a Deed of Trust on the Subject Property. (RJN Ex. B.) Additionally, on January 6, 2006, plaintiffs obtained a $33,600 equity line of credit from World Savings Bank. (RJN Exs. C & D.)

On June 17, 2011, Wells Fargo and plaintiffs entered into a loan modification agreement, altering the terms of the October 2004 loan, purportedly due to plaintiffs' financial hardships. (RJN Ex. J.) Plaintiffs defaulted on such loan, and on December 30, 2015, Wells Fargo recorded a Notice of Default, informing plaintiffs that as of December 29, 2015, a sum of $67,730.73 was overdue. (RJN Ex. K.) On April 29, 2016, CCR, as the trustee, recorded a Notice of Trustee's Sale on the Subject Property, notifying plaintiffs that a sale would occur on June 8, 2016. (RJN Ex. M.) As of the FAC, it does not appear that such sale has been perfected. (*See* FAC ¶ 19 (alleging that plaintiffs are facing the "imminent loss of their home through foreclosure").)

The following allegations relate to plaintiffs' claims that certain aspects of the loan and Wells Fargo's recording of a Notice of Default and Notice of Sale were improper:

Plaintiffs allege that they have brought this action because of Wells Fargo's "unlawful conduct with respect to the servicing" of the loan, which it has serviced since January 2005. (*Id.* at ¶ 7.) Specifically, plaintiffs allege that from January 2005 to December 2014, plaintiffs have paid $4,352.46 in late fees and $5,706.82 in service fees, which they argue Wells Fargo did not have a right to collect under the loan agreement. (*Id.* at ¶ 54.) Due to this and other issues

---

[5] Plaintiffs continue to raise vague challenges to Wells Fargo's standing to enforce the note and deed of trust at issue and initiate foreclosure proceedings. However, plaintiffs' complaint and their response fail to explain adequately why any issues with the securitization would strip Wells Fargo or the trustee of record, Clear Recon Corporation ("CCR"), of their interests in the note and deed of trust. Rather, judicially noticeable documents suggest that Wells Fargo is the proper successor in interest of World Savings Banks. (RJN Exs. A–I.) In their response, plaintiffs argue without basis that defense counsel fraudulently forged legal documents such as the "Substitution of Trustee" at RJN Exhibit L, which substituted CCR in as trustee on November 12, 2015. Such conclusory argument is not sufficient to establish a plausible claim for relief on these grounds.

3

involving interest payments under the "Pick-A-Payment" loan entered into by plaintiffs, plaintiffs allege that their loan amount has ballooned to $561,000, an amount larger than their original loan. (*Id.* at ¶ 66.) On such bases, plaintiffs allege that defendants have "failed to follow the terms set forth in the" agreements and have "breached these agreements by accepting monthly payments," which include unauthorized fees. (*Id*. at ¶¶ 101–02, 107–08, 116, 134–37.)

Additionally, plaintiffs allege that Wells Fargo fraudulently induced them into defaulting on their loans to apply for a loan modification. (*Id.* at ¶¶ 117–20; 123–32.) Plaintiffs allege that during their 2013 loan modification application, a Wells Fargo employee, Javier Mateo, informed them that a loan modification would be in their "best interest" but that their status as being "current" on their loans would "indicate or suggest that their current monthly payment was affordable." (*Id.* at ¶ 14.) Plaintiffs allege that they applied for such a loan modification, which was subsequently denied in February 2014. (*Id.* at ¶ 17.)

## II. DISCUSSION

### A. Claim Preclusion Stemming from Prior Class Action Settlement

Wells Fargo argues that several of plaintiffs' allegations relate to the terms of the loan agreements between plaintiffs and Wells Fargo, and, as such, are barred by the doctrine of claim preclusion, previously referred to as *res judicata*, because such claims were the subject of a class action settlement. (RJN, Ex. W.) In particular, Wells Fargo argues that Claims One through Three and Five specifically complain about the concealment of certain terms set forth in the loan service agreement and related documents, which were the subject of a class action settlement finalized on May 17, 2011. (FAC ¶¶ 99–102; 106–08; 116; 134–37.)

#### 1. Legal Framework

The doctrine of claim preclusion operates to bar litigation in a subsequent action where a plaintiff raised, or could have raised, the same claims in a prior action that resulted in a final judgment on the merits. *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854–55 (9th Cir. 2016) (claim preclusion, or *res judicata*, applies where there is an identity of claims, final judgment on the merits, and identity or privity between the parties); *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). "A

court-approved class action settlement bars new claims by members of the class that were released as part of that settlement. Otherwise, 'restricting the [preclusive] effect of class action settlement would lessen a defendant's incentive to settle.'" *Adams v. Wells Fargo Bank, N.A.*, No. 13-CV-5164-YGR, 2015 WL 1434599, at *2 (N.D. Cal. Mar. 30, 2015) (quoting *Durkin v. Shea & Gould*, 92 F.3d 1510, 1518 (9th Cir. 1996)); *see also TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982) ("[I]n order to achieve a comprehensive settlement that would prevent relitigation of settled questions at the core of a class action, a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action.").

### 2. Analysis

Wells Fargo contends that Claims One through Three and Five of plaintiffs' complaint are barred by claim preclusion because plaintiffs are members of a nationwide class action that has fully resolved such claims. The Court agrees, in part.

Wells Fargo offers documents for judicial notice, which show court approval of a class action settlement in the certified class action styled *Dolores Mandrigues, et al. v. World Savings, Inc., et al.*, No. 07-CV-4497-JF, and the related multi-district litigation in *In re Wachovia Corporation "Pick-A-Payment" Mortgage Marketing and Sales Practices Litigation*, No. 09-MD-2015-JF ("*In re Wachovia*"). In the order approving the Class Action settlement, the court certified a class including all borrowers under "Pick-a-Payment" loans issued by World Savings Bank between August 1, 2003 and December 31, 2008. (RJN Ex. W at 5:25–27.) Evidence submitted reveals that plaintiffs are members of the class in that Class Action and did not opt out, and plaintiffs do not argue otherwise. (*See* RJN Ex. R, Opt-Out List.) The Class Action resulted in a dismissal of claims with prejudice after the court approved the settlement and entered judgment on May 17, 2011. (RJN Ex. S, Judgment.) Such settlement included the following release:

> A. **The Release:** In consideration for the Settlement Benefits described herein, each and all of the Plaintiffs hereby agree to and by operation of law shall be deemed to agree to fully, finally, and completely release and forever discharge the Alleged Claims and any and every actual or potential known or unknown claim,

5

> liability, right, demand, suit, matter, obligation, damage, loss or cost, action or cause of action, of every kind and description that the Releasing Party has or may have, including assigned claims and Unknown Claims, asserted or unasserted, latent or patent, that is, has been, or could have been or in the future might be asserted by any Releasing Party in the Lawsuit, the Related Actions, any other case consolidated in the Lawsuit, or in any other action or proceeding in this Court, or any other court, administrative venue, tribunal or arbitration or other forum, regardless of the type or amount of relief or damages claimed, against any of the Released Entities arising out of the Alleged Claims, the origination of the Settlement Class Member's Pick-a-Payment mortgage loan, the manner in which the Defendants applied the Settlement Class Member's payments to principal and interest, negative amortization, the Pick-a-Payment mortgage loan's potential for negative amortization, the disclosure of the Pick-a-Payment mortgage loan's potential for negative amortization, and the disclosure of the manner in which payments would be applied to principal and interest.

(*In re Wachovia*, No. 09-md-2015-JF, Dkt. No. 112, Ex. A at 31–32.) This Court previously found in another case involving the same settlement that such release would "bar any claims to the extent they rely on allegations of misleading statements at the time of loan origination and insufficient disclosures." *Adams*, 2015 WL 1434599, at *3.

The allegations at issue in Counts One, Two, and Five all involve allegations that Wells Fargo misrepresented and concealed certain terms in the loan agreement related to fees and penalties. (*See* FAC ¶¶ 8–9; 11–12; 22–24; 34–35; 49–76; 96; 99–102; 105–08; 110; 133; 135; 137.) Plaintiffs do not provide any arguments to the contrary. Thus, the motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND** as to Counts One, Two, and Five of the FAC on claim preclusion grounds. Wells Fargo also argues that Count Three involves similar allegations. While true, plaintiffs also allege in Count Three that they relied on Wells Fargo's representations about the loan modification process. (*Id.* at ¶¶ 118–21.) Such claims would not fall within the claims released in the Class Action Settlement. Accordingly, the motion to dismiss Count Three on such grounds is **GRANTED WITHOUT LEAVE TO AMEND** only as to claims arising out of the origination of the loan agreement and the terms therein, but **DENIED** to the extent that such claims arise out of alleged misrepresentations related to plaintiffs' loan modification applications.[6]

---

[6] Wells Fargo also argues that plaintiffs' claims are time-barred. Specifically, Wells Fargo argues that Counts One through Three and Five all involve actions that started in 2004 and at the latest ended in 2011 when the parties first modified the loan agreement. *See* Cal. Code Civ. Proc. §§ 338(d) (3-year statute of limitations for fraud); Cal Code Civ. Pro. § 337 (4-year statute of limitations for breach of implied covenant of good faith and fair dealing and for breach of written

6

Thus, the Court proceeds with its analysis only with regard to Count Four and the allegations in Count Three related to plaintiffs' 2013 loan modification application.

### B. Failure to State a Claim

The Court next addresses whether plaintiffs have sufficiently pleaded a cause of action as to their remaining claims in Counts Three and Four.

#### 1. Legal Standard

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55

---

contract); Cal. Code Civ. Proc. § 343 (4-year "catch-all" statute of limitations for all other claims not otherwise specified). The Court previously found that the statute of limitations would bar plaintiffs' claims relating to the original loan terms. Thus, such claims would be dismissed for that additional reason. This, however, does not apply to plaintiffs' claims relating to their loan modification application in Counts Three and Four.

Wells Fargo further argues that the Home Owner's Loan Act, 122 U.S.C. section 1461, *et seq.* ("HOLA"), would preempt all state causes of action related to loan origination, terms, and expenses. In other words, even if claim preclusion would not bar the claims dismissed above, HOLA preemption would preclude the same. Because the Court has found that claim preclusion applies, the Court need not address this issue here.

(quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). In pleading a cause of action for fraud or mistake under rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Documents filed by pro se litigants must be "liberally construed" and a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 2. Discussion

To allege a claim for fraud under California law, a plaintiff must allege: (i) a false representation of a material fact; (ii) knowledge of falsity; (iii) intent to defraud; (iv) actual and justifiable reliance; and (v) resulting damage. *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986). The elements for negligent misrepresentation are similar, except that plaintiffs need not allege intent to defraud or induce reliance. *See Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). Additionally, because plaintiffs' claims sound in fraud, such allegations must be plead with particularity pursuant to Federal Rule of Civil Procedure 9(b).

The Court finds that plaintiffs have not met the Rule 8 pleading standards, let alone the heightened requirements under Rule 9(b). Plaintiffs' sole description of the alleged misrepresentation is thus:

> During Plaintiffs 2013 Loan Modification Application Defendant's employee/agent Javier Mateo's [sic] deceived Plaintiffs into ceasing to make monthly payments claiming it was both necessary and in their best interest to be approved for a loan modification. Javier Mateos [] also stated that if Plaintiffs were current it would indicate or suggest that their current monthly payment was

8

> affordable. While making all the above misrepresentations, Defendant repeatedly assured Plaintiff that they would not face foreclosure, their credit would not be impacted and no additional fees would be incurred, while Plaintiff was in the process of applying for a loan modification.

(FAC ¶ 14.)[7] Plaintiffs, however, have failed to explain why such statements were misrepresentations or fraudulent. Nor do they allege the acts with sufficient particularity to satisfy Rule 9(b). The allegations in the FAC are substantially similar to the allegations plaintiffs presented in their original complaint which the Court previously dismissed, except, here, plaintiffs have named Javier Mateo as Wells Fargo's employee. (*Compare* Compl. ¶ 44 (alleging that Wells Fargo acted "for its own fraudulent and deceptive financial interest") and ¶ 45 (alleging that Wells Fargo "intentionally induced [plaintiffs] to default on their payments through this practice and policy of willfully misrepresenting that defaulting on the loan was a prerequisite for requesting a loan modification") *with* FAC ¶ 14); *see Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (plaintiffs must plead the "who, what, when, where, and how of the misconduct charged" to sustain a claim for fraud or mistake).

Accordingly, the Court **GRANTS** Wells Fargo's motion to dismiss Counts Three and Four.[8] However, as to these Counts, the Court finds that plaintiff may yet be able to allege facts that state a claim for fraudulent concealment, fraud, and negligent misrepresentation. *Compare Trigueiro v. Bank of Am., N.A.*, No. 14-CV-2556-MCE, 2015 WL 4983599, at *5 (E.D. Cal. Aug. 19, 2015) (denying motion to dismiss fraud and negligent misrepresentation claims on similar grounds where plaintiffs identified representatives by name, provided the exact date or approximation of

---

[7] Wells Fargo further argues that plaintiffs' allegations on this issue between their first complaint and the FAC are inconsistent. In their original complaint, plaintiffs alleged that such statement was made to them in 2011, however, in the FAC, they allege that such conversation occurred in 2013. (*Compare* Dkt. No. 1-1, Compl. ¶¶ 5, 7, 9, 16, and 24 *with* FAC ¶¶ 14, 117.)

[8] Plaintiffs also vaguely allege that Wells Fargo has violated California law by failing to assign a single point of contact during the loan modification process, presumably pursuant to California Civil Code section 2923.7(a), which provides that, upon request, a servicer "shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." However, the statute itself defines a "single point of contact" as an "individual or team of personnel." *Id.* at § 2923.7(e). Plaintiffs do not otherwise provide any reasons why Wells Fargo is in violation of such statute. Thus, to the extent that plaintiffs have alleged any claims arising out of section 2923.7, such claims are **DISMISSED WITH LEAVE TO AMEND**.

9

1 when statements were made, and adequately alleged justifiable reliance on such statements) *with*

2 *Romo v. Wells Fargo Bank, N.A.*, No. 15-CV-3708-EMC, 2016 WL 3523779, at *4 (N.D. Cal.

3 June 28, 2016) (granting motion to dismiss similar claims where plaintiffs failed to allege

4 justifiable reliance).

**III.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Wells Fargo's motion to dismiss as follows: The Court **DISMISSES WITH PREJUDICE** Counts One, Two, and Five, and Count Three to the extent that it relies on allegations relating to the origination of the loan agreement and the terms therein.  The Court **DISMISSES WITHOUT PREJUDICE** Count Three to the extent it relates to plaintiffs' loan modification attempts and Count Four.

Plaintiffs may file a second amended complaint within twenty-one (21) days of this Order, but *only* as to Counts Three and Four.  Otherwise, the case will be dismissed with prejudice.  If filed, Wells Fargo shall have fourteen (14) days thereafter to file a response.

This Order terminates Docket Number 58.

**IT IS SO ORDERED.**

Dated: April 13, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**